UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

EFREN FLORES and RIGOBERTO BENAVIDES,

Plaintiffs,

v.

ATLANTIC ENGINEERING GROUP, INC.

Defendant.

NO. CV-09-362-RHW

**ORDER GRANTING PLAINTIFFS' MOTION FOR REMAND**

Before the Court is Plaintiffs' Motion for Remand (Ct. Rec. 4). This motion was heard without oral argument. For the reasons set forth below, the Court grants the motion.

Plaintiffs originally filed a Complaint in Grant County Superior Court, alleging that Defendant unlawfully fired them after they complained to the Department of Labor & Industries about job site conditions. Defendant then filed a Notice of Removal alleging that the parties were diverse and that the amount in controversy exceeded the $75,000 jurisdictional prerequisite. Plaintiffs now ask the Court to remand this matter to state court, arguing that: (1) the Complaint does not claim more than $75,000 in damages; and (2) even if it does, Plaintiffs stipulate they will cap their damages at $75,000, including attorney's fees.[1]

There is a strong presumption against removal jurisdiction, and Defendant

---

[1] Although Plaintiffs offered only the stipulation with their original motion to remand, they presented their argument about the amount in controversy in their reply brief. The Court will consider both arguments.

**ORDER GRANTING PLAINTIFFS' MOTION FOR REMAND** * 1

bears the burden of proving such jurisdiction exists. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). "[W]here it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled," a removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007).

The Complaint alleges that Flores and Benavides began working at Defendant's company on February 17, 2009, and January 19, 2009, respectively, and were fired on March 19, 2009. It does not specify their hourly wage. The Complaint requests "past and future lost wages and benefits in an amount to be proven at trial," as well as special damages, general damages, and attorney's fees in unspecified amounts. (Ct. Rec. 1).

Defendant submits two declarations claiming that Plaintiffs were paid $14.40 an hour as base pay and $21.30 an hour overtime, of which they worked approximately 10 hours a week during their brief period of employment. (Ct. Rec. 11). Defendant's memo calculates that Plaintiffs would have earned about $41,000 a year. The memo also states that if Plaintiffs prevail "they are likely to recover at least one year of back pay and up to three years of front pay." In support of this statement, Defendant cites a case merely standing for the proposition that front and back pay are authorized by the Washington Law Against Discrimination for victims of discrimination, even where there has been no constructive discharge. *Martini v. Boeing Co.*, 137 Wash. 2d 357, 372 (1999). Defendant also notes that, if Plaintiffs prevail, they will be entitled to attorney's fees.

The Court finds that the amount in controversy is unclear from the face of the Complaint and that Defendant has failed to carry its burden of proof. Plaintiffs were employed for only one month and two months, each, and Defendant offers no support for its claim that Plaintiffs would be entitled to multiple years of front and back pay. Thus, nothing in the record suggests that Plaintiffs' actual damages

**ORDER GRANTING PLAINTIFFS' MOTION FOR REMAND** * 2

would even begin to approach $75,000. Any other amounts Plaintiffs might claim if they prevail are entirely speculative based on this record. Therefore, the Court grants Plaintiffs' motion on this basis.

The parties also dispute whether Plaintiffs' voluntary stipulation to cap their damages is effective to authorize a remand. Because the Court grants Plaintiffs' motion for the reasons set forth above, it declines to reach this second argument.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiffs' Motion for Remand (Ct. Rec. 4) is **GRANTED**.

2. This matter is **dismissed** and **remanded** back to Grant County Superior Court.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel, and **close the file.**

**DATED** this 4th day of February, 2010.

*s/Robert H. Whaley*
ROBERT H. WHALEY
United States District Judge

Q:\CIVIL\2009\Flores.remand.ord.wpd

**ORDER GRANTING PLAINTIFFS' MOTION FOR REMAND** * 3